UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas E. Ohlson,

    Plaintiff,

v.

Bradley D. Slawson, Sr.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-2104

_____

Richard T. Wylie, Counsel for Plaintiff.

Kyle A. McCoy, Counsel for Defendant.

_____

This matter is before the Court on Plaintiff's Motion to Vacate Judgment, Reopen Summary Judgment Record and/or Grant a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**I.    Background**

Plaintiff is a former Business Agent and employee of the Teamsters Local No. 120 ("Local 120"), which is affiliated with the International Brotherhood of Teamsters ("IBT"). He was laid off from his paid position effective May 5, 2011. On June 29, 2011, Plaintiff filed an action in Minnesota state court alleging that Defendant interfered with his contract of employment with the Local 120 and

that Defendant intentionally inflicted emotional distress upon Plaintiff. Plaintiff was then recalled to his full-time position as Business Agent in July 2011 and was made whole for all back pay, benefits, and other compensation due and owing him, retroactively to the date of the layoff. Defendant thereafter removed Plaintiff's action to this Court.

When the next union elections were held in November 2011, Plaintiff did not seek re-election as a Business Agent. Instead he challenged the incumbent President and lost. Because he no longer held an elected position with the Local 120, his employment with the Local 120 terminated effective December 31, 2011. Plaintiff amended his complaint, adding a claim that Defendant violated Plaintiff's rights under the Labor Management Reporting & Disclosure Act ("LMRDA"), 29 U.S.C. § 401, et seq.

## II.  Decision on Summary Judgment

Defendant filed a motion for summary judgment as to all claims on July 2, 2012. In response to Defendant's motion for summary judgment, Plaintiff agreed that the claim for intentional infliction of emotional distress should be dismissed. Thus, the only claims addressed by the Court on summary judgment were the claims for interference with employment contract and a violation of rights under

LMRDA.

With respect to the intentional interference with contract claim, the Court determined that generally, union agents will not be held personally liable when they act in their official capacities for the union. Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996) (citing Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249 (1962)). The Court further recognized, however, that Minnesota law provides that liability may attach where there is evidence that a company officer or agent is motivated by malice and bad faith, personal ill-will, spite, hostility or a deliberate intent to harm the plaintiff. Nordling v. N.S.P. Co., 478 N.W.2d 498, 506 (Minn. 1991). Plaintiff had argued in his opposition brief that fact questions existed as to whether Defendant was motivated by malice or ill-will towards Plaintiff when he interfered with Plaintiff's employment contract.

By Memorandum Opinion and Order dated November 29, 2012, this Court granted Defendant's motion and entered judgment in favor of Defendant on all claims. (Doc. Nos. 53 and 54.) In granting summary judgment on the intentional interference with contract claim, the Court held that on the record before it, Plaintiff had failed to demonstrate the existence of genuine issues of fact as to whether the Defendant acted with actual malice - that is without legal justification

or excuse or that Defendant willfully violated Plaintiff's known rights when he laid him off from his position on May 5, 2011. (Doc. No. 53 at 12.) The Court further held that Defendant had demonstrated that the Local 120 had experienced financial hardships, and that the decision to terminate Plaintiff's employment was because of those financial difficulties.

With respect to Plaintiff's LMRDA claim, the Court first recognized that the "statutory rights of association and expression [under LMRDA]. . . are accorded only to union members acting as members and not to union officers acting solely in their official capacity as officers." Johnson v. Kay, 860 F.2d 529, 536 (2d Cir. 1988) (citing Finnegan v. Leu, 456 U.S. 431, 436-37 (1982)). The Court further noted that "an attack largely focusing upon a union officer may, under some circumstances, 'directly threaten the freedom of members to speak out,' and therefore violate the LMRDA, where 'as a result of established union history or articulated policy' there is 'a deliberate attempt by union officials to suppress dissent within the union.'" Johnson, 860 F.2d at 536 (internal citations omitted).

Because Plaintiff was a union officer, the Court found that to maintain a claim under LMRDA, he had to prove that Defendant acted pursuant to "an established union history or articulated policy" to deliberately suppress dissent

4

within the union.  The Court found that Plaintiff failed to do so, noting that Plaintiff testified at his deposition that he could only speculate as to the Defendant's motivation for his alleged conduct.  The Court further found that Plaintiff was allowed to run for office in 2011, and that to the extent Plaintiff alleged that his rights as they relate to the 2011 election were violated, such claim must be brought by the Secretary of Labor, and is not actionable in a civil action by a union member or former union officer.  See 29 U.S.C. § § 482(a) and 483; Bradley v. Am. Postal Workers' Union, 962 F.2d 800, 802 (8th Cir. 1992) (plaintiff's claim that he was deprived of a fair election and the right of participation are governed by Title IV of the LMRDA, which requires a claim to be filed with Secretary of Labor).

**III.    Motion to Vacate Judgment and Reopen Summary Judgment Record**

A motion under Federal Rule of Civil Procedure 59(e) serves the limited function of "correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Met. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988)).  A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been

5

offered or raised prior to entry of judgment." Id.

"To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." United States v. Met. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).

A motion under Rule 59 must be filed no later than 28 days after judgment has been entered.  To the extent evidence is discovered after the time to file a motion under Rule 59 has passed, such evidence may be considered under Fed. R. Civ. P. 60(b)(2) and (6).

### A.   Newly Discovered Evidence

Plaintiff asserts that he is entitled to relief under Rule 59(e) based on newly discovered evidence - the Recommendation of the Independent Review Board ("IRB") of the International Brotherhood of Teamsters ("IBT") dated November 9, 2012 to place the Local 120 in Minneapolis into Trusteeship (Ohlson Decl., Ex. A) and the Report and Recommendations of the Hearing Panel Appointed to Hear Charges Against Former Local 120 Officers Bradley D. Slawson, Sr., Bradley D.

Slawson, Jr. and Former Employee and Member Todd Chester dated March 29, 2013, and adopted by the General President of the IBT on April 1, 2013. (Wylie Decl., Ex. A.)

As indicated in the Trusteeship Recommendation Report, the IRB determined evidence existed that the Defendant and his son, Bradley Slawson, Jr. are corrupt and incompetent, that the Local 120 was engaged in financial malpractice and was not being conducted in the best interests of its members. (Ohlson Decl., Ex. A at 1-2.)  The Report goes on to describe the many findings of the IRB upon which the recommendation to place the Local 120 into a Trusteeship was based.  As related to Plaintiff, the Report provides that Defendant violated Section 13(B) of the Local Bylaws by removing him as an elected business agent without having preferred written charges against him and such charges having been found proven by the Executive Board.  (Id. at 136.)  Further, the IRB noted that Defendant ordered Plaintiff's salary and benefits ended as of May 9, 2011, but that only the Executive Board had the power to do so.  (Id. at 137.)  Further, the IRB noted that Defendant's claim that Plaintiff was laid off for economic reasons because the Local 120 was losing money was pretextual, given the fact that Defendant was partly responsible for the Local 120's financial difficulties.  (Id.)

Based upon the IRB's Report and the reasons cited therein for the trusteeship, James Hoffa, General President of the IBT, imposed an Emergency Trusteeship over the affairs of the Local 120, effective November 13, 2012.  (Id., Ex. B.)

On December 20, 2012, the IRB issued a Report and Recommendation to IBT that Defendant, his son Bradley Slawson, Jr. and Todd Chester be charged for violating the IBT Constitution on a number of grounds.  (Wylie Decl., Ex. A at 4.) A hearing on the charges was scheduled before a Hearing Panel comprised of uninvolved members.  (Id. at 7.)  The hearing took place on February 28, 2013.  (Id. at 8.)  Defendant and his son were present, and were given the opportunity to submit evidence and argument in support of their positions.  (Id.)  Todd Chester did not appear.  (Id.)   The Panel issued its findings and recommendations based on the entire record.  (Id.)

With respect to the Defendant herein, the Panel found the evidence supported the charges against him as follows: Charge One - embezzlement of $90,000 of the Local 120 money for the benefit of Todd Chester; Charge Two - breach of fiduciary duty by causing false statements to be made to Bank Mutual to secure financing for the Local 120's building project, failing to monitor expenses, allowing the general contractor to charge the Local 120 for $90,000 paid to Todd

8

Chester and allowing the contractor to pass on other inappropriate charges to the Local 120 and improperly retaining the $35,000 the contractor owed the Local 120; Charge Three - committing act of racketeering by engaging in a scheme to defraud Bank Mutual into providing financing for the Local 120's building project; Charge Four - breach of fiduciary duty by taking $68,100 between 2007 and 2012 from the Local 120 Bar and Gaming revenue without disclosure to the Local 120's members; Charge Five entering into sham collective bargaining agreement with American Pride Home Services in order to accommodate the company's marketing strategy, including using the Local 120's resources to help this company market its products to the Local 120 members and causing the Local 120 to use the company's services; Charge Eight - violating the Local Bylaws in a numbers of ways, including failing to secure membership approval of transactions related to the purchase of land and construction of a building in 2007 and 2008; and Charge Eleven - violating his fiduciary duty and embezzlement of the Local 120 money by charging expenses to the Local 120 which had no union purpose.

    Based on the evidence, and given regard to the nature and seriousness of the offenses, Defendant's prior service and disciplinary record, his position in the union and any mitigating circumstances, the Hearing Panel recommended that

Defendant be permanently barred from holding any office or employment with the Local 120, the IBT or any affiliate and that he be barred for a period of 10 years from holding membership in the Local 120 and be barred from any knowing association with members of the IBT until such time as he shall regain his membership in good standing.  The Hearing Panel also recommended that he be fined $159,065.97 - which represents the sum wrongfully paid to Todd Chester, wrongful stipends taken from the Local 120 Bar and Gaming revenue, and wrongful reimbursements.

Defendant argues that the Trusteeship Recommendation Report was issued on November 9, 2012.  Judgment in this case was entered on November 29, 2012. Because the Trusteeship Recommendation Report was issued before Judgment was entered, Defendant argues it is not newly discovered evidence under Rule 59(e).

While the Trusteeship Recommendation Report was issued before judgment was entered, the record demonstrates that Plaintiff did not receive notice of the Report until after oral arguments, and approximately two weeks before the Court issued its decision.  Moreover, the Trusteeship Recommendation Report was the first of two reports issued in response to evidence that Defendant

and others were engaged in corrupt and incompetent conduct with respect to their positions as executives of Local 120.  The hearing on the charges issued against Defendant, the Report and Recommendation of the Hearing Panel and the IBT General President's decision to adopt the recommendations of the Hearing Panel and issue penalties did not issue until months after judgment was entered in this case.  Under these circumstances, the Court finds that such evidence is newly discovered evidence, and that Plaintiff exercised due diligence to discover the evidence prior to judgment and filed a timely motion pursuant to Rule 59.

### B.     Materiality

#### 1.     Intentional Interference with Contract

It is Plaintiff's position that the above evidence is material to the claims he asserted in this action, as such evidence goes to the issue of whether Defendant was acting in his official capacity when he unilaterally made the decision to terminate Plaintiff's employment as business agent.  The evidence also goes to the issue of whether Defendant was motivated by actual malice or ill-will when he made the decision to terminate Plaintiff's employment.

The Court finds that newly discovered evidence discussed above is material to Plaintiff's claim for intentional interference with employment contract.  As

noted above, such a claim will lie against Defendant if Plaintiff proves that Defendant was "predominantly motivated by malice and bad faith, that is, by personal ill-will, spite, hostility, or a deliberate intent to harm the plaintiff employee." Nordling, 478 N.W.2d at 506. The newly discovered evidence includes final findings and conclusions of IBT General President Hoffa that Defendant, during the times relevant to Plaintiff's claims, wrongly diverted money from the Local 120, through embezzlement, breaches of fiduciary duties and by numerous business expenses abuses. Such evidence is material to whether Defendant was acting in his official capacity as Secretary-Treasure of the Local 120 when he made the unilateral decision to terminate Plaintiff's employment. Such evidence is also material to whether Defendant was motivated by actual malice when he unilaterally made the decision to terminate Plaintiff's employment purportedly because the Local 120 was experiencing financial difficulties - difficulties that may well have been caused by Defendant's wrongful conduct.

The Court further finds that had Plaintiff presented this evidence in opposition to Defendant's motion for summary judgment, the Court would have denied the motion with respect to Plaintiff's claim for intentional interference with contract based on the existence of genuine issues of material fact.

### 2. Violation of LMRDA

Pursuant to the parties' submissions, it does not appear that Plaintiff takes the position that the newly discovered evidence is material to his claim under LMRDA. Nonetheless, the Court finds that Plaintiff is not entitled to relief with respect to his LMRDA claim, as Plaintiff cannot demonstrate the newly discovered evidence would have produced a different result with respect to this claim. As previously noted, the Court found that Defendant was entitled to summary judgment on this claim, because such claim must be brought by the Secretary of Labor, and is not actionable in a civil action by a union member or former union officer.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Vacate Judgment, Reopen the Summary Judgment Record and/or for a New Trial [Doc. No. 55] is **GRANTED**;

2. Judgment herein entered on November 29, 2012 is hereby vacated;

3. The record on summary judgment is hereby reopened with respect to the claim for intentional interference with contract and the documents sought by Plaintiff to be made a part of the summary judgment record are hereby made a part of that record; and

4. The Defendant's motion for summary judgment [Doc. No. 32] is **GRANTED** with respect to Counts II and III and **DENIED** with respect to Count I.

Date: June 26, 2013

                                                           <u>s/ Michael J. Davis</u>
                                                           Michael J. Davis
                                                           Chief Judge
                                                           United States District Court